**Clark Aubrey, Appellee, v. Charles C. O'Byrne, Executor, Appellant.**

**Gen. No. 18,862.    (Not to be reported in full.)**

Appeal from the Superior Court of Cook county; the Hon. CLARENCE N. GOODWIN, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1912. Affirmed. Opinion filed October 7, 1914.

### Statement of the Case.

Action in assumpsit by Clark Aubrey against Charles C. O'Byrne, executor of the estate of Jessie S. Donley, deceased, to recover money which the deceased had deposited in a bank and which plaintiff claims he is entitled to by virtue of a gift *causa mortis.* Plaintiff recovered a judgment for $1,924.04. To reverse the judgment, defendant appeals.

The case was tried upon an agreed state of facts, in substance, that on November 13, 1908, Jessie S. Donley had on deposit to her credit with the Citizens State Bank of Big Rapids, Michigan, the sum of $1,924.04; that on that day she had been informed that she was about to die and could not recover, and she believed

she was about to die; that the plaintiff, Clark Aubrey, was her nephew and her only heir at law, except her husband, William E. Donley; that she did not then know the exact amount of money she had in the said bank and she thereupon, on said date, executed her check in these words:

"No. ——— Big Rapids, Mich., Nov. 13, 1908.

Citizens State Bank, Pay to Clark Aubrey or order $5,000 Dollars.

JESSIE S. DONLEY."

She forthwith delivered said check to said Clark Aubrey without any valuable consideration therefor, and by the execution and delivery thereof she intended to assign to Clark Aubrey as a gift all her right, title and interest in said sum of money then on deposit in said bank to her credit; that about the same time she drew said check she also made her will in which no mention was in any way made of said sum of money deposited in said bank, and said check was made and delivered in contemplation of her impending death; that within three hours after the execution and delivery of said check to Aubrey she died; that said check was never previous to her death presented to said bank for payment or accepted by it at any time, and after her death it refused at all times to pay said check to said Aubrey; that appellant was on March 29, 1909, appointed executor of the estate of said deceased by the Probate Court of Mecosta County, Michigan, which said court had jurisdiction of probate matters in said county and State, and had jurisdiction of the said estate; and that appellant, as such executor, obtained said money from said bank and refused to pay the same to appellee on his demand therefor.

MORSE IVES, for appellant.

ROSE, SYMMES & KIRKLAND, for appellee.

MR. JUSTICE DUNCAN delivered the opinion of the court.

## Abstract of the Decision.

1. EVIDENCE, § 33*—*presumption in the absence of proof of the laws of another State.* In the absence of any proof in support of a special plea averring the law of another State, it will be presumed that the common law prevails in that State and that the decisions of the courts of this State embody a correct exposition of the common law as it prevails in that State.

2. BANKS AND BANKING, § 126*—*when drawing of check operates as assignment of funds on deposit.* Under the common law in this State the drawing of a check upon a banker by a drawer having funds in his bank operates as an assignment to the drawee of the legal title to so much of the fund on deposit as is named in the check, as between the drawer and drawee; but in order to charge the bank with the amount of the check, it is necessary that the check be presented for payment, or some other act equivalent thereto, and that it be shown that the drawer had at the time of presentment sufficient funds to pay the check.

3. GIFTS, § 32*—*when delivery of check constitutes gift causa mortis of deposit.* A delivery by a donor of a check for a greater sum than was on deposit in the bank with intent to transfer and deliver the deposit and no more, *held* to constitute a completed gift *causa mortis* of the amount of the deposit, and to entitle the donee to maintain an action against the executor to recover the same where the latter wrongfuly withdrew it from the bank.

4. GIFTS, § 36*—*authority to revoke gift causa mortis.* After a delivery of a gift *causa mortis* to the donee by the donor, and after the death of the donor without revoking the gift, the legal representatives and heirs have no power or authority to revoke the gift.